*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 23, 2013

BY E-MAIL

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Room 2202
New York, New York  10007

        Re:    United States v. Alimzhan Tokhtakhounov et al.,
                  13 Cr. 268 (JMF)

Dear Judge Furman:

       The Government has learned that David Chesnoff, Esq., who represents Illya Trincher in the above captioned case, also represents, and has represented for some time, Brant England, a defendant in a related New York State criminal case.  Mr. England was charged on October 25, 2012 by the Queens County District Attorney's Office in Indictment No. 2593/2012 with enterprise corruption, promoting gambling and money laundering.  The charges against Mr. England are currently pending.

       The charges in the Queens County case arise from Mr. England's alleged role in operating pinnaclesports.com ("Pinnacle"), an online gambling website that is alleged to have operated illegally in the United States.  The Government proffers that at a trial in this case the Government would introduce evidence demonstrating that Illya Trincher used Pinnacle in connection with the illegal gambling business he is alleged to have operated.  The Government also proffers that at a trial the Government would introduce evidence that Brandt England, on behalf of Pinnacle, communicated with Illya Trincher and, among other things, provided payment instructions for Illya Trincher to send money to Pinnacle's offshore bank accounts.

       As a result of Mr. Chesnoff's representation of both Mr. England and Illya Trincher, and the potential conflict of interest it presents in this case, the Government respectfully requests that the Court conduct a hearing with Illya Trincher pursuant to *United States* v. *Curcio*, 680 F.2d 881 (2d Cir. 1982).  The Government has spoken with Mr. Chesnoff and he agrees that a hearing is appropriate.  The Government requests that the hearing take place on October 29, 2013, at 3:300 p.m., if convenient for the Court.

For the convenience of the Court, the Government is attaching a set of proposed questions to be put to the defendants as part of the *Curcio* inquiry. The Government notes in this regard that the Second Circuit has set forth the requirements for a *Curcio* hearing:

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*United States* v. *Perez*, 325 F.3d 115, 119 (2d Cir. 2003).

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
Harris M. Fischman
Kristy Greenberg
Joshua Naftalis
Assistant United States Attorneys
(212) 637-2305 / 2469 / 2310

Enclosure

cc: David Chesnoff, Esq.

<u>United States</u> v. <u>Alimzhan Tokhtakhounov et al.</u>, 13 Cr. 268 (JMF)
Proposed Questions for *Curcio* Hearing for
Defendant Illya Trincher

<u>Introductory Questions</u>

1. How old are you?

2. How far did you go in school?

3. Do you currently consult a doctor for any condition?

4. Are you currently under the influence of alcohol or drugs of any kind?

5. Are you feeling well enough to proceed with this hearing today?

<u>Circumstances of Representation</u>

6. Are you currently represented by David Chesnoff?

7. Is Mr. Chesnoff retained or appointed counsel?

8. Do you know that Mr. Chesnoff also represents Brandt England in a criminal case currently pending in Queens County, New York?

9. Are you familiar with Mr. England's case?

10. Are you aware that Mr. England is charged with, among other things, promoting gambling, money laundering and participating in a criminal enterprise?

11. Are you aware that Mr. England is alleged to have assisted in the illegal operation of the sports gambling website Pinnaclesports.com?

12. Because you and Mr. England are represented by the same attorney, I wish to advise you of certain matters. You should understand that under the United States Constitution and the laws of this country, you are entitled to the aid and assistance of counsel at all times in these proceedings. You are entitled to counsel of your own choice unless there is a strong legal reason for disqualifying that counsel. If you cannot afford an attorney, an attorney will be appointed to represent you without cost. Do you understand?

13. It is essential to the idea of an adequate defense in a criminal proceeding that your attorney have no conflicts or adverse interests of any kind. That is to say, he or she cannot, unless it is with your knowledge and consent, have any conflicting interest in the case. You have the right to the assistance of a lawyer whose loyalty to you is undivided and not subject to any factor that might intrude upon that loyalty. The purpose of this law is to ensure that you have the full devoted defense furnished to you by an attorney who has no other possible interest of any kind in this matter. Do you understand that?

14. This Court believes that representation where there is a potential conflict of interest may be ill-advised.  Do you understand that?

15. Do you understand that because Mr. Chesnoff represents Mr. England who is charged in a criminal matter with conduct that is related to the criminal conduct you are alleged to have committed, that creates the potential that your attorney may have allegiances to interests that may be adverse to your own interests?

16. Do you understand that, by deciding to proceed with Mr. Chesnoff, you are waiving any argument that Mr. Chesnoff was ineffective or deficient in his representation of you, because your attorney suffered from a conflict of interest by virtue of his representation of Mr. England?

Discussions With Counsel Re: Potential Conflicts

17. Have you discussed these conflict-of-interest matters with Mr. Chesnoff?

18. Are you satisfied with his representation of you?

Defendant's Narrative of Potential Conflicts and Rights

19. I want you to please describe for me, in your own words, your understanding of the conflict of interest that potentially arises from your attorney's representation of you while representing one of your co-defendants.

Questions to the Defense Attorney

20. Mr. Chesnoff, have you discussed the potential conflicts of interest with your client?

21. And do you feel that he understands the possible risks of being represented by a lawyer with potential conflicts of interest?

Opportunity to Seek Advice of Other Counsel

22. Do you understand that you have a right to consult with a lawyer other than Mr. Chesnoff in order to determine whether you wish Mr. Chesnoff to represent you?

23. Do you understand that the Court will give you an opportunity to do so and that the Court encourages you to do so?

24. Do you understand that if you cannot afford other counsel, the Court will appoint counsel to consult with you regarding these conflict of interest matters?  Such an attorney will not be connected with Mr. Chesnoff or the Government at all.  Anything you tell that attorney will be a secret between you and the attorney.  The attorney cannot tell Mr. Chesnoff, me, or the Government's attorneys about your discussions with him or her.  Do you understand that?

25. If you wish, I will give you additional time to consult with another attorney about these conflict of interest matters.  You should think about the possibilities that I have told you

 about.  You may talk it over with Mr. Chesnoff.  After you've thought it all over, I will ask you whether you have considered the matters I have talked about, whether you want Mr. Chesnoff to continue to represent you, and whether you want to waive your right to counsel who is not laboring under any potential conflicts of interest.  I will also ask you whether you are willing to waive your rights to argue, on appeal or otherwise, that you were denied effective assistance of counsel because of your attorney's representation of you while representing one of your co-defendants.

26. Is there anything that the Court has said that you wish to have explained further?  Is anything unclear?

27. Would you like the opportunity to consult with another attorney?  [If so, adjourn for such opportunity, and continue with the questions immediately following, upon reconvening.]

Second Proceeding, if Requested, and/or Concluding Questions

28. Do you still wish to proceed with Mr. Chesnoff as your attorney in this case?

29. Have you received any inducements, promises, or threats with regard to your choice of counsel in this case?

30. Do you agree to waive any and all future arguments, on appeal or otherwise, that you were denied effective assistance of counsel because of your attorney's representation of you while representing one of your co-defendants?

31. Is your waiver of your right to conflict-free representation voluntary?